UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR BAFC2006-1**, )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**GORDON T. JAMES,** )<br>)<br>**Defendants.** )<br>_____ )<br>)<br>**GORDON T. JAMES,** )<br>)<br>**Third Party Plaintiff,** )<br>)<br>v. )<br>)<br>**GMAC MORTGAGE, LLC, WELLS FARGO, NA, and QUICKEN LOANS, INC.,** )<br>)<br>**Third Party Defendants.** )<br>) | DOCKET NO. 08-<br><br><br><br><br><br><br><br>NOTICE OF REMOVAL |

      NOW COMES Plaintiff and Counterclaim Defendant U.S. Bank National Association as Trustee for BAFC2006-1 ("US Bank"), and Third-Party Defendants GMAC Mortgage, LLC ("GMAC"), Wells Fargo, NA ("Wells Fargo") and Quicken Loans, Inc. "(Quicken"), by and through their duly authorized attorneys, Drummond & Drummond, LLP, and hereby gives notice of the removal of the above captioned matter from the York County Superior Court, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

      IN SUPPORT, US Bank, GMAC, Wells Fargo, and Quicken submit the following:

1

1.  U.S. Bank filed the Complaint in this matter with the York County District Court, Eastern Division on or about January 27, 2009.  A copy of the Complaint is attached hereto as Exhibit A.

2.  U.S. Bank's Complaint alleged a residential real estate foreclosure action under Maine law with no attendant claims based upon federal law.

3.  The Defendant filed an Answer, Affirmative Defenses, Counterclaim, Third Party Complaint, Notice of Removal to Maine's Superior Court, and Request for a Jury Trial ("Answer") on or about February 17, 2009.  A complete set of all pleadings received by Defendant's counsel is attached hereto as Exhibit B.

4.  The counterclaim and third party complaint contains 3 counts, for violations of various state and federal statutes, including::

    a.  the Federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA") (Count I);

    b.  the Maine Consumer Credit Code (Counts I and II);

    c.  Maine's Unfair Trade Practices Act (Count III); and

    d.  the federal Real Estate Settlement Procedures ("RESPA") (Count II).

5.  This Court has original jurisdiction over civil actions arising under the laws of the United States. 28 U.S.C. § 1331.

6.  This Honorable Court has subject matter jurisdiction because Defendant/Third Party Plaintiff's Answer raises several questions of interpretation of federal law, including interpretation of federal statutes such as TILA and RESPA.

7. This action may therefore be removed to this Honorable Court pursuant to 28 U.S.C. § 1441(b) because this is a civil action "founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b).

8. In accordance with 28 U.S.C. § 1446(d), Plaintiff/Third Party Defendants are filing a copy of this notice with the York County Superior Court and sending a copy of this notice to Defendant/Third Party Plaintiff's counsel.

9. This Court may also exercise its pendant jurisdiction to obtain jurisdiction over the remaining claims in Defendant/Third Party Plaintiff's Counterclaim and Third Party Complaint because those claims are separate claims that are joined with a "claim or cause of action within the jurisdiction conferred by § 1331…" 28 U.S.C. § 1441(a).

10. Because removal of this action is based upon a federal question, the citizenship of the parties is irrelevant. 28 U.S.C. § 1441 (b).

Respectfully submitted,

Dated: March 6, 2009

/s/ Alexander W. Saksen
Alexander W. Saksen
Bar No. 4220
Counsel for Plaintiff

Of the firm:
Drummond & Drummond, LLP
One Monument Way
Portland, ME  04101
207-774-0317