UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION<br>as trustee for BAFC 2006-1, | )<br>)<br>) | |
| Plaintiff | )<br>) | |
| v. | )<br>) | Civil No. 09-84-P-JHR |
| GORDON T. JAMES, | )<br>) | |
| Defendant & Third-Party<br>Plaintiff | )<br>)<br>) | |
| v. | )<br>) | |
| GMAC MORTGAGE, LLC, et al., | )<br>) | |
| Third-Party Defendants | )<br>)<br>) | |
| MAINE REVENUE SERVICES, | )<br>) | |
| Party-in-Interest | ) | |

***MEMORANDUM DECISION ON MOTION FOR LEAVE TO AMEND***

The defendant and third-party plaintiff, Gordon T. James, moves for leave to file an amended answer and third-party complaint. I grant the motion.

**I. Factual Background**

More than two months after the dismissal of third-party Wells Fargo, NA, and of Count II of the defendant's counterclaim and third-party complaint as to the plaintiff, Docket No. 29, and two days before the deadline for amendment of the pleadings, *see* Scheduling Order (Docket No. 30) at 2, the defendant filed a two-page motion for leave to amend his answer and counterclaim

by, *inter alia*, removing Wells Fargo as a party, adding an affirmative defense and six new paragraphs to his affirmative defense based upon lack of standing; adding two counts alleging breach of contract and intentional or negligent infliction of emotional distress to his third-party complaint; and adding 17 paragraphs of factual allegations to his counterclaim and third-party complaint. *Compare* Defendant's Answer, Affirmative Defenses, Counterclaim[] and Third Party Complaint (Docket No. 12) *with* [Proposed] Defendant's First Amended Answer, Affirmative Defenses, Counterclaim[] and Third Party Complaint (Exh. 1 to Docket No. 38). The plaintiff and the remaining third-party defendants, GMAC Mortgage, LLC, and Quicken Loans, Inc., oppose the motion. Docket Nos. 40 & 41.

## II. Discussion

### A. Plaintiff and GMAC Mortgage, LLC

#### 1. "Undoing" the Court's Prior Order

The plaintiff and third-party defendant GMAC Mortgage, LLC, have filed a joint opposition to the motion. Plaintiff's and Third Party Defendant GMAC Mortgage, LLC's Opposition to Defendant's Motion for Leave to Amend Pleadings ("Bank Motion") (Docket No. 40). They contend first that the defendant's proposed amendments will "reverse portions of the Court's prior order on [the] motion to dismiss[,]" *id*. at 2, "seeks to partially undo" the ruling on the motion to dismiss, *id*. at 4, and will "undo portions of this Court's well-reasoned order on [the] motion to dismiss[,]" *id*. at 6. They cite no authority in support of this argument, and, significantly, they do not identify the proposed amendments which they contend would have this effect. In the absence of that showing, I reject this argument.

*2. Lack of New Facts*

The Bank Motion next argues that the motion to amend should be denied because the facts added by the proposed amendments "are insignificant" and "arise from materials that have been in Defendant's possession since well prior to the date of Plaintiff's complaint." *Id*. at 4. The addition of new legal theories "without substantive new facts," these parties assert, "is certainly suspect, dilatory, and without basis." *Id.* However, the authority cited in the motion does not support the opposing parties' conclusion that this court must deny the motion to amend the third-party complaint and counterclaim.

In *Simon v. Navon*, 951 F. Supp. 279, 280-81 (D. Me. 1997), Judge Brody of this court noted that "in cases where a motion to amend advances a legal claim, or claims, that are legally insufficient, even when assuming the facts as alleged by the movant, the motion should be denied." But, the court did not address in that case the instant question, whether the facts underlying the new claims were not "new," or were known to the party seeking to amend long before the motion was filed.

In *Jackson v. Salon*, 614 F.2d 15, 17 (1st Cir. 1980), the First Circuit upheld the denial of a motion for leave to amend that was filed after the complaint had been dismissed and which contained no factual allegations that would have supported the exercise of the court's jurisdiction. Again, this is not the argument made here by the Bank Motion.

In *Hatch v. Department for Children, Youth & Their Families*, 274 F.3d 12 (1st Cir. 2001), the First Circuit set out a standard for evaluating motions for leave to amend that actually favors the defendant in this case:

> If leave to amend is sought before discovery is complete and neither party has moved for summary judgment, the accuracy of the "futility" label is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6). In this situation, amendment is not deemed

> futile as long as the proposed amended [pleading] sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory.

*Id*. at 19 (citations omitted). Again, the question of "newness" or how long the underlying facts may have been known to the party seeking leave to amend is not mentioned in this opinion.

Finally, in *States Resources Corp. v. Architectural Team, Inc.*, 433 F.3d 73, 83-84 (1st Cir. 2005), the First Circuit affirmed the denial of a motion to amend as futile because the proposed amendments sought relief that was not available to the party seeking to amend. The district judge whose ruling was on appeal had apparently ruled that the proposed amendments were futile, in part, because the moving party's arguments "related . . . to the factual allegations underlying" claims which he had already "rejected." *Id*. at 83. Again, that argument was neither adopted nor addressed by the First Circuit.

Each of the four cases cited in the Bank Motion does not support the argument that the plaintiff's motion should be denied because the facts alleged therein are not new.

### 3. Timeliness and Delay

The Bank Motion next contends that denial is required because the proposed amendment would cause undue delay, as they would have to file new motions to dismiss, file "additional" pleadings, and engage in further discovery. Bank Motion at 5-6. They also assert that "[a] court may deny dilatory attempts to amend[,]" citing *State Resources* and *Hatch*. *Id*. at 5. It is the latter sort of "undue delay" to which the case law construing Fed. R. Civ. P. 15(a)(2) refers. The types of potential delay otherwise listed by the Bank Motion are inevitable when any pleading is amended with leave of court, and thus the necessary quantum of prejudice must implicate more than the inconveniences and delays that are inherent in the granting of any such motion in order to justify its denial. *See, e.g., Northern Utilities, Inc. v. Lewiston Radiator Works, Inc.*, No. 04-

164-P-S, 2005 WL 758466 (D. Me. Feb. 3, 2005), at *8 (describing the standard as that of undue prejudice).

It is unfortunate that the defendant in this case waited so long to seek leave to make these amendments, and he should have done so earlier.  Standing alone, however, this fact does not require denial of his timely motion.  In addition, *State Resources* does not deal with a "dilatory attempt[] to amend," and in *Hatch* the motion was brought after discovery had closed and a motion for summary judgment had been filed, 274 F.3d at 19, an instance in which a more rigorous standard has been widely adopted by the federal courts.

### B.  Quicken Loans, Inc.

Third-party defendant Quicken Loans also opposes the motion.  It relies, Third Party Defendant Quicken Loans Inc.'s Opposition to Defendant/Third Party Plaintiff's Motion for Leave to Amend Pleadings ("Quicken Opposition") (Docket No. 41), on a First Circuit opinion that does list "undue delay in filing the motion" as one reason for denying leave to file a motion to amend. *See United States v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009).  But, even then, "unseemly delay, *in combination with other factors,* may warrant denial of a suggested amendment." *Quaker State Oil Refining Corp. v. Garrity Oil Co.*, 884 F.2d 1510, 1517 (1st Cir. 1989) (emphasis added).  In addition, there is no discussion in the *City of Worcester* opinion of the point at which delay becomes undue.

A court reviewing a motion for leave to amend may also consider dilatory motive on the part of the movant. *See Glenwood Farms, Inc. v. Ivey*, 228 F.R.D. 47, 49 (D. Me. 2005).   The parties opposing the defendant's motion have suggested that he has a dilatory motive, but I cannot reach that conclusion on the factual showing made.

5

While it is generally true, as Quicken Loans points out, Quicken Opposition at 4, that the longer the moving party delays in bringing a motion to amend, the more likely it will be denied, the opinion in the case it cites for that proposition, *Steir v. Girl Scouts of the USA*, 383 F.3d 7 (1st Cir. 2004), also discusses the fact that the burden on the moving party is heavier when the motion is filed after the deadline for the filing of such motions established by a scheduling order rather than before, *id*. at 12.  In this case, of course, the motion was filed before that deadline.

In *Palmer v. Champion Mortgage*, 465 F.3d 24 (1st Cir. 2006), another case cited by Quicken Loans, Quicken Opposition at 4, the First Circuit addresses simultaneously both the standard for granting a motion for reconsideration, *id.* at 30, with that applicable to a request for leave to amend, *id*. at 31.  In any event, the First Circuit reiterates in that opinion that the grant or denial of a motion for leave to amend is a matter ultimately left to the discretion of the trial court. *Id*. at 30.

I do not agree with Quicken Loans' assertion that the addition of the two new proposed counts would require a "major alteration in trial tactics and strategy."  Quicken Opposition at 4. I further see no need for much additional discovery with respect to the breach of contract claim, although the count alleging infliction of emotional distress will broaden the reach of necessary discovery.

Ultimately, the question is a close one.  The defendant provides only minimal explanation of his apparent delay in seeking leave to amend, and then only in his reply memorandum. Defendant/Third Party Plaintiff's, Gordon James, Response to Plaintiff and Third Party Defendants' Opposition to Motion for Leave to Amend Pleadings (Docket No. 44) at [6].  On balance, however, I conclude that he is entitled to the amendments that he seeks.

### III. Conclusion

For the foregoing reasons, the defendant's motion for leave to amend his answer, counterclaim, and third-party complaint is **GRANTED**.  The defendant shall file the proposed amended document on the electronic docket forthwith.

Dated this 26th day of January, 2010.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge