## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR BAFC2006-1, | ) ) | CASE NO. 2:09-cv-84 |
| Plaintiff | ) ) ) | |
| vs. | ) ) ) ) | **DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER** |
| GORDON T. JAMES | ) ) | |
| Defendant | ) ) | |
| and | ) ) | |
| MAINE REVENUE SERVICES | ) ) | |
| Party-In-Interest | ) ) | |
| _____ | ) | |
| GORDON JAMES, | ) ) | |
| Third Party Plaintiff | ) ) | |
| vs. | ) ) | |
| GMAC MORTGAGE LLC, | ) ) | |
| WELLS FARGO, NA, | ) ) | |
| and | ) ) | |
| QUICKEN LOANS INC. | ) ) | |
| Third-Party Defendant | ) ) | |
| _____ | ) | |

Defendant and Third Party Plaintiff, Mr. Gordon T. James ("Defendant"), by and through counsel, requests this Court to modify the Court's Scheduling Order under Fed.R.Civ.P. 16(b)(4) regarding the deadline for designating expert witnesses under

Fed.R. Civ.P. 26(a)(2)(B).  As grounds therefore, the Defendant states he has good cause for such request as follows:

1.      On November 10, 2009, the Defendant filed his First Motion to Amend Answer, Counterclaims, and Third Party Complaint requesting that the Court  allow him to add claims including that of infliction of emotional distress.

2.      On January 26, 2010, the Court granted the Defendant's Motion to Amend, allowing the claim of infliction of emotional distress to become part of his counterclaims and third party complaint.

3.      To support this amended claim, the Defendant wishes to call his therapist, Phillip Worster, LCSW, to testify on issues directly related to the infliction of emotional distress, based on his treatment and firsthand interaction with the Defendant including his personal observations, opinions, and inferences, including any diagnoses for the Defendant.

4.      The deadline for the Defendant to designate experts under the Court's Scheduling Order was December 16, 2009.  The Defendant requests a modification of this deadline from the Court which is substantially justified in light of its recent decision on Defendant's Motion to Amend.

5.      The parties will not be unduly prejudiced by the extension and such an extension would be harmless because the Defendant, in the course of responses to discovery requests and in a supplemental disclosure dated January 14, 2010, has provided the parties with Mr. Worster's contact information and a letter from Mr. Worster explaining his treatment of the Defendant.

6.      Third party defendant Quicken Loans has subpoenaed Mr. Worster's records and is awaiting their production.

7.      While the discovery period has closed, the deadline for discovery as to Mr. Worster's records has been extended and the time period for filing dispositive motions including all Daubert and Kumho Motions has been stayed due to the Defendant's recent filing of his Second Motion to Amend.

8.      Likewise, the parties' response to the First Amended Answer has been stayed until a ruling is entered on the Second Motion to Amend.

9.      The Defendant would consent, upon Court approval, to allow the parties to perform a deposition of Mr. Worster before the trial date currently set for June 2010. The Defendant's opportunity to defend against the evidence presented by the expert will therefore not be compromised.

WHEREFORE the Defendant asks this Court to grant his Motion to Modify the Scheduling Order to allow him to designate Mr. Worster as an expert in this action.

Dated at Biddeford, Maine, this 2nd day of February, 2010.

Respectfully submitted,

On behalf of the Defendant,
By his attorney,

/s/ Andrea Bopp Stark
Andrea Bopp Stark
Molleur Law Office
419 Alfred Street
Biddeford, Maine 04005-3747
Telephone (207) 283-3777
Facsimile  (207) 283-4558
andrea@molleurlaw.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION<br>AS TRUSTEE FOR BAFC2006-1, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | DOCKET NO. 2:09-cv-84 |
| GORDON T. JAMES | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MAINE REVENUE SERVICES | ) | |
| | ) | |
| Party-In-Interest | ) | |
| | ) | |
| GORDON JAMES, | ) | |
| | ) | |
| Third Party Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GMAC MORTGAGE LLC, | ) | |
| | ) | |
| WELLS FARGO, NA, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| QUICKEN LOANS INC. | ) | |
| | ) | |
| Third-Party Defendants | ) | |

**CERTIFICATE OF SERVICE**

I, Martine Morin Boissonneault, hereby certify that this document, Defendant's Motion

to Modify Scheduling Order filed through the ECF system will be sent electronically to the

registered participants as identified on the Notice of Electronic File (NEF) and paper copies will

4

be sent to those indicated as non-registered participants on February 2, 2010.

/s/ Martine Morin Boissonneault
Martine Morin Boissonneault
MOLLEUR LAW OFFICE
419 Alfred Street
Biddeford, ME 04005-3747
207-283-3777
207-283-4558 Fax
martine@molleurlaw.com

## SERVICE LIST

**Via Electronic Service**:

Alexander Wilson Saksen, Esq.
Nathaniel R. Huckel-Bauer, Esq.
(Counsel for Plaintiff, U.S. Bank National Association
 Third Party Defendant GMAC and
 Third Party Defendant Wells Fargo NA)

Pamela W. Waite, Esq
 (Counsel for Party-in-interest, Maine Revenue Services)

Stephen Y. Hodsdon, Esq.
 (Counsel for Defendant, Quicken Loans Inc.)