UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION<br>as Trustee for BAFC 2006-1,<br><br>*Plaintiff*<br><br>v.<br><br>GORDON T. JAMES,<br><br>*Defendant/Third-Party<br>Plaintiff,*<br><br>v.<br><br>GMAC MORTGAGE LLC and<br>QUICKEN LOANS INC.,<br><br>*Third-Party Defendants* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Docket No. 09-84-P-JHR |

*MEMORANDUM DECISION ON MOTION TO QUASH SUBPOENAS*

The defendant, Gordon James, moves to quash subpoenas served by the plaintiff, U.S. Bank National Association, on or about January 15, 2010, on Biddeford Savings Bank, Century Bank, Citizens Bank, Skowhegan Savings Bank, and Sovereign Bank. Motion to Quash and Request for Expedited Hearing[1] ("Motion") (Docket No. 61) at [2]. I deny the motion.

The defendant contends that the subpoenas, which seek information for all accounts owned in whole or in part by the defendant, *see* Exhibit A to Motion, should be quashed because they (1) require disclosure of "privileged or other protected matter that is not subject to waiver in that they call for private financial information from the Defendant and non-parties to this action

---

[1] Because I conclude that the parties' written submissions are sufficient to allow full consideration of the merits of the defendant's motion, no hearing is necessary, and the defendant's request for an expedited hearing, "[t]o the extent the Court deems a hearing necessary[,]" *id.* at 4, is therefore moot.

1

and that information is not relevant . . . in the current action," (2) subject the defendant to undue burden, (3) violate 9-B M.R.S.A. §§ 162-63; (4) one of them is directed to a financial institution more than 100 miles outside the District of Maine "in violation of Fed. R. Civ.P. 45(b)(2)(B); and (5) the defendant "has produced information relating to his income since 2000 . . . and all bank statements that reflect payments made on the subject loan." *Id.* at [2]-[3].

The plaintiff and third-party defendant GMAC Mortgage LLC respond that "[a] large portion of this case . . . is founded upon [the defendant's] ability (or inability) to pay his mortgage, the causes of that financial distress, and when/if [he] properly attempted to cure his default."  Plaintiff's and Third Party Defendant GMAC Mortgage LLC's Opposition to Motion to Quash Subpoenas ("Opposition") (Docket No. 70) at 2.  A review of the current version of the defendant's answer, counterclaims, and third-party complaint (Docket No. 66) confirms this statement.  *See, e.g.,* Counterclaim[] and Third-Party Complaint (included in First Amended Answer (Docket No. 66), beginning at 5) ¶¶ 47 (improper handling of mortgage "contributed to [defendant] falling behind on his mortgage payments) and 98 (foreclosure against defendant's property part of harm caused by charging of extra fees to defendant's account and service of inaccurate notices of default).

A subpoena may seek information likely to lead to the discovery of information relevant to the matters at issue in the case.  Fed. R. Civ. P. 26(b)(1).  On the showing made, I reject the defendant's contention that the subpoenas seek information that is not relevant and his necessarily-implied contention that they do not seek information that could lead to the discovery of relevant information.

The plaintiff argues that the defendant lacks standing to bring a motion to quash these subpoenas, which were served on third parties.  Opposition at 3-4.  "The general rule is that a

party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) (citation omitted). *See also Johnson v. Gmeinder*, 191 F.R.D. 638, 639 n.2 (D. Kan. 2000); *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434 (E.D.Pa. 2001).

Here, the defendant asserts a privilege, but does not identify that privilege other than asserting that it is "not subject to waiver in that [the subpoenas] call for private financial information." Motion at [2]. He cites no authority in support of this assertion. Federal law is to the contrary. The Supreme Court has determined that a customer's bank records "lack . . . any legitimate expectation of privacy" and held that subpoenas seeking a party's bank records may not be quashed on this basis. *United States v. Miller*, 425 U.S. 435, 436, 438, 440-45 (1976). In addition, the defendant fails to identify the "non-parties to this action" about whom "private financial information" is sought by the subpoenas at issue, and, more important, how he has standing to represent them with respect to this issue. The defendant takes nothing by this argument.

The defendant's argument based on "undue burden" is also not an appropriate basis for granting a motion to quash a subpoena.[2] In addition, the banks' production of his bank records for the past five years imposes no burden on *him* at all, let alone one that is undue.

The defendant's reliance on 9-B M.R.S.A. §§ 162-63 is similarly misplaced. Section 162 merely prohibits a bank from disclosing its customer's financial records unless, *inter alia*, in response to a lawful subpoena, 9-B M.R.S.A. § 162(2), which by the terms of the defendant's own motion is the means at issue here. Section 163 requires that the subpoena be served upon

---

[2] The defendant's assertion that a court "may quash a subpoena to protect any person subject to or affected by the subpoena," citing Fed. R. Civ. P 45(c)(3)(B), Motion at [3], misconstrues the substance of that subsection of Rule 45, which provides that a subpoena may be quashed on this basis *if it requires* disclosing a trade secret, disclosing an unretained expert's opinion, or a non-party to travel more than 100 miles to attend trial. Fed. R. Civ. P. 45(c)(3)(B)(i)-(iii). None of these circumstances is present in this case.

the customer prior to disclosure by the financial institution.  Again, the defendant's own motion states that his attorney received copies of the subpoenas on January 20, 2010, and the subpoenas called for production by January 27, 2010.  Motion at [2].  He offers no evidence that the information sought was produced by any of the banks before January 20, 2010.

Section 163 also requires the party requesting disclosure of financial records to certify in writing to the financial institution that the subpoena has been served upon the customer at issue. 9-B M.R.S.A. § 163.  Counsel for the plaintiff has represented that he did so in this case. Opposition at 7.  That representation, by an officer of this court, is sufficient for the purposes of this motion to quash.

Finally, the defendant invokes Fed. R. Civ. P. 45(b)(2)(B) as the basis for quashing the subpoena directed to "a financial institution in Cambridge, Massachusetts which is more than 100 miles outside the district [of Maine]."  Motion at [3].  But, that subsection of the rule only provides that a subpoena may be served "outside that district but within 100 miles of the place specified for the . . . production[.]"  The subsection of the rule applicable to a motion to quash provides that a subpoena may be quashed if it requires a person to travel more than 100 miles from where he or she is employed, resides, or regularly transacts business in person.  Fed. R. Civ. P. 45(c)(3)(A)(ii).  By contrast, the subpoenas at issue only require the production of documents, and those documents can be "produced" at the specified address in Portland, Maine, by mail.  Indeed, Rule 45(c)(2)(A) specifically provides that a person commanded to produce documents "need not appear in person at the place of production."

Even assuming that the defendant has standing to raise this objection to the subpoena, a majority of the courts that have dealt directly with the 100-mile issue have held that such a subpoena should be enforced.  *See, e.g., Walker v. Center for Food Safety*, __ F.Supp.2d __,

2009 WL 3673033 (D.D.C. Nov. 5, 2009), at *4; *Premier Election Solutions, Inc. v. Systest Labs Inc.*, Civil Action No. 09-cv-018220-WDM-KMT, 2009 WL 3075597 (D. Colo. Sept. 22, 2009), at *3; *Stewart v. Mitchell Trans., Inc.*, Civil Action No. 01-2546-JWL, 2002 WL 1558210 (D.Kan. July 8, 2002), at *2-*3.

For the foregoing reasons, the defendant's motion to quash is **DENIED**.

Dated this 21st day of February, 2010.

                                  /s/  John H. Rich III
                                  John H. Rich III
                                  United States Magistrate Judge