UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BAFC 2006-1 | ) ) ) | **DOCKET N0. 09-cv-84** |
| Plaintiff | ) ) | **(REQUEST FOR ORAL ARGUMENT)** |
| v. | ) ) | |
| GORDON T. JAMES, et al. | ) ) | |
| Defendant | ) | |

**MOTION IN LIMINE TO EXCLUDE AND LIMIT NEWLY DISCLOSED EVIDENCE**

NOW COMES the Defendant, Gordon T. James, and moves this Court to exclude and limit newly-disclosed evidence presented by Plaintiff U.S. Bank and Third-Party Defendant GMAC in their Motion for Summary Judgment pursuant to F.R.Civ.P. 56(f)(3) and 37(c)(1). In the alternative, the Defendant requests this Court to order a continuance to enable depositions to be taken and other discovery to be undertaken under Fed.R.Civ.P. 56(f)(2) and 37(c)(1). As grounds therefore, the Defendant states:

A. Jeffery Stephan Affidavit and Note Endorsement

1. In support of their Motion for Summary Judgment filed on April 26, 2010, U.S. Bank and GMAC introduced a document entitled "Note Endorsement," signed by Jeffery Stephan and attached as the last page of Exhibit A to the affidavit of Jeffrey Stephan dated April 23, 2010.

2. The Note Endorsement was never previously produced in this case or provided to Defendant or his counsel and Jeffrey Stephan was never disclosed as an individual likely to have discoverable information.

3.      The Note Endorsement was not a part of the note that was attached to the Plaintiff's

First Amended Complaint as Exhibit C;

4.      The Note Endorsement was not provided to Defendant by U.S. Bank or GMAC in

their Rule 26(a) disclosures despite it being a critical document in this case;

5.      The identity of the party signing the Note Endorsement and Affidavit, Jeffrey

Stephan was not disclosed by U.S. Bank or GMAC to Defendant as an "individual likely to

have discoverable information" as was required by F.R.Civ.P. 26(a)(1)(i);

6.      The Note Endorsement was never produced by Plaintiff in response to  Defendant's

comprehensive discovery requests, despite the fact that those discovery requests expressly

called for the production of that document;

7.      The Plaintiff explicitly stipulated with the Defendant that it would not offer into

evidence any documents not previously produced, and the Note Endorsement is such a not-

previously-produced document.


   B.   Scott Lathrop Affidavit and Redacted "Record of Returned Payments"

1.      On April 26, 2010, U.S. Bank and GMAC submitted an affidavit of Scott Lathrop in

        support of their Motion for Summary Judgment.

2.      Lathrop's affidavit dated April 23, 2010 states that he has personal knowledge of the

        practices and procedures of GMAC for the processing of checks from homeowners

        such as Defendant and asserted facts that Defendant James' payment was received

        by GMAC, facts which U. S. Bank and GMAC denied having knowledge of in their

        corporate depositions.

3.      The identity of Lathrop was not disclosed by U.S. Bank or GMAC to Defendant as an

"individual likely to have discoverable information" as was required by F.R.Civ.P.

26(a)(1)(i).

4.      Lathrop's summary judgment affidavit has attached to it a redacted business record,

"Record of Returned Payments," that it purports establishes for the first time its

receipt and return of a critical loan payment by Defendant which at all times

previous it has denied receiving, a document first produced to Defendant's counsel

via email on April 23, 2010.   The Record of Returned Payments is alleged to have

been created in March, 2008.

5.      The facts asserted in Lathrop's affidavit and the business record attached thereto

were never timely produced to the Defendant despite exhaustive discovery requests

expressly requesting information regarding the chain of custody of the loan

payment.

6.      Despite specific discovery requests and deposition questioning that should have

resulted in the disclosure of Stephan and Lathrop as material and important

witnesses with discoverable information, neither their identities and facts to which

they have sworn in their April 23, 2010 affidavits, nor the critical documents

attached to their affidavits, were disclosed.

7.      The information and evidence in U.S. Bank and GMAC's affidavits are critical to the

claims and defenses asserted by Defendant and therefore, the Defendant is unable to

provide a complete response to U.S. Bank and GMAC's Motion for Summary

Judgment without relief from this Court.

WHEREFORE, Defendant James prays for the entry of an order granting the following relief pursuant to Rule 56(f)(3) and 37(c)(1):

1.      <u>Exclude</u> from the summary judgment record, and from any other use in this case, the "Note Endorsement" attached thereto as the last page of Exhibit A filed by Plaintiff U.S. Bank in support of its Motion for Summary Judgment <u>by enforcing the stipulation entered into by U.S. Bank, GMAC, and the Defendant that U.S. Bank and GMAC cannot offer any other documentation not already produced</u>; and

2.      <u>Further enforce the stipulation entered into by U.S. Bank, GMAC and the Defendant by Limiting</u> the evidence that U.S. Bank and GMAC can introduce regarding the chain of custody of the Defendant's loan payment in the amount of $5450.00, Biddeford Savings Check no. 848683 ("Biddeford Savings Bank Check") in the summary judgment record, and in the case in its entirety, to the following:

  i.      GMAC received Biddeford Savings Bank Check on February 28, 2008;

  ii.      The Biddeford Savings Bank Check was received by GMAC in the form as it now appears in Exhibit D to Plaintiff/ GMAC's Motion for Summary Judgment; and

  iii.      GMAC rejected the Biddeford Savings Bank Check and returned it to Biddeford Savings.

3.      Continue the time for Defendant to respond to the pending motions for summary judgment of U.S. Bank and GMAC Mortgage, LLC to 21 days from the date of an order issued on this Motion.

In the alternative, under Fed.R.Civ.P. 56(f)(2) and 37(c)(1), the Defendant requests that this Court order:

1.      That Plaintiff and GMAC be required to produce Jeffery Stephen at the offices of

counsel for Defendant in Biddeford, Maine for a deposition to be taken by Defendant within

21 days, or such other date as may be agreed upon by counsel and this Court;

2.      That Plaintiff and GMAC be required to produce Scott Lathrop at the offices of

counsel for Defendant in Biddeford, Maine for a deposition to be taken by Defendant within

21 days, or such other date as may be agreed upon by counsel and this Court;

3.      That Defendant be permitted to serve upon U.S. Bank and GMAC additional requests

for discovery regarding the newly-disclosed facts and information presented in the Stephan

and Lathrop affidavits and the Note Endorsement and Record of Returned Payments

documents attached thereto and that said parties shall fully respond to said request and

produce the requested documents in full and in unredacted form within 14 days of service.

4.      That, pursuant to F.R.Civ.P. 26 and 37(c)(1)(a) Plaintiff and U.S. Bank be ordered to

pay Defendant's counsel fees and all court reporters fees in connection with the taking of

the depositions and the filing of this motion; and

5.      That the time for Defendant to respond to the pending motions for summary

judgment of U.S. Bank and GMAC Mortgage, LLC[1] be extended to 21 days after the

transcripts from said Stephan and Lathrop depositions are produced by the reporter.

        Filed in support hereof is the affidavit of Defendant's counsel, Andrea Bopp Stark,

Esq. and the Memorandum in Support of Defendant's Motion In Limine To Exclude And

Limit Newly Disclosed Evidence.

---

[1] Defendant intends to seek a similar ruling with respect to the timing of its response to the Motion
for Summary Judgment filed by Quicken Loans, Inc. after his counsel meets and confers with Quicken
.

Respectfully Submitted this 7th of May 2010,

/s/*Andrea Bopp Stark*_____
Andrea Bopp Stark
Attorney for Defendant Gordon T. James
Maine Bar No. 8764

MOLLEUR LAW OFFICE
419 Alfred Street
Biddeford, Maine 04005
207-283-3777
207-283-4558 (Fax)

/s/*Thomas A. Cox*_____
Thomas A. Cox
Attorney for Defendant Gordon T. James
Maine Bar No. 1248

P.O. Box 1314
Portland, Maine 040104
207-749-6671