UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION )<br>as Trustee for BAFC 2006-1 Trust, )<br>)<br>    *Plaintiff* )<br>)<br>v. )<br>)<br>GORDON T. JAMES, )<br>)<br>    *Defendant and Third-Party Plaintiff* )<br>)<br>v. )<br>)<br>GMAC MORTGAGE LLC and )<br>QUICKEN LOANS INC., )<br>)<br>    *Third-Party Defendants* ) | *Civil No. 09-84-P-R* |

*MEMORANDUM DECISION ON PLAINTIFF'S MOTION TO DISMISS COMPLAINT*

    The plaintiff moves to dismiss its complaint in this foreclosure action that has assumed far more than average complexity.[1] The defendant vigorously opposes the motion. For the reasons that follow, the plaintiff's motion to dismiss its complaint is granted, and the plaintiff's motion for summary judgment on its complaint is terminated as moot.

    Discovery in this action ended on January 27, 2010. Scheduling Order (Docket No. 30) at 2. The plaintiff represents that it has entered into a modification of the mortgage at issue and that the defendant was in compliance with the workout plan at the time that it filed this motion. Plaintiff's Motion to Dismiss Complaint (Docket No. 163) at 2-3. It is for this reason that the

---

[1] Oral argument was held before me on this and four other pending motions on August 26, 2010. As of the date of this ruling, there are 188 entries on this court's docket alone, and the case, filed originally in state court, has been pending for over 19 months.

1

plaintiff seeks to dismiss its complaint without prejudice. *Id*. at 3. In this district, even when a plaintiff's motion to dismiss its claims is made after the discovery deadline, "the dismissal should in most instances be granted, unless the result would be to legally harm the defendant." *Holbrook v. Andersen Corp.*, 130 F.R.D. 516, 519 (D. Me. 1990).

The defendant contends that he will be "unduly prejudiced" by a dismissal without prejudice for four reasons: he "has made a significant investment of time and money in the case" to date; the motion is brought too late in the proceedings; the case "is at a critical juncture with motions for summary judgment ready for adjudication[;]" and the plaintiff's proffered reason for dismissal is "insufficient and pretextual." Defendant's Opposition to Plaintiff's Motion to Dismiss Complaint ("Opposition") (Docket No. 182) at 1.

## I. Investment of Time and Money

The defendant protests that he has incurred "more than double" the $79,561.99 in legal expenses that the plaintiff reported it had expended at the time of its April 26, 2010, motion for summary judgment, and contends that a dismissal without prejudice at this time "would disregard [his] significant investment of time and financial resources in the case." *Id*. at 4. But, as counsel for the plaintiff acknowledged at oral argument, the defendant is free to seek to recover from the plaintiff that portion of his incurred legal costs that will be rendered superfluous if this motion is granted. *See, e.g., Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 163 (1st Cir. 2000). The defendant has no doubt incurred significant legal expense in this case, but far from all of it arises from filings or other activities undertaken solely in response to filings or actions by the plaintiff.

The defendant has asserted a counterclaim and two third-party claims and has filed some 17 motions of his own. It makes little sense to force both the plaintiff, which is now represented

by counsel different from those who represented it through most of this litigation and which is now offering the defendant a reworking of the underlying mortgage, and the defendant to incur further legal costs in resolving a claim that the plaintiff no longer wishes to pursue.[2]

Granting the plaintiff's motion to dismiss its complaint will leave intact the defendant's counterclaim against the plaintiff and his third-party claims against GMAC and Quicken. The work that has been done in pursuit of the relief sought in those claims has not been "wasted" if they remain viable. *See Bath Iron Works Corp. v. Parmatic Filter Corp.*, 736 F. Supp. 1175, 1178 (D. Me. 1990). None of the case law cited by the defendant on this point requires a different outcome. Under the circumstances of this case, I am convinced that the plaintiff does not "seek[] to avoid a summary judgment ruling and any res judicata effect it might have" by seeking dismissal of its own claim at this time, which was the reason for denying a motion to dismiss in *Guptill v. Martin*, 228 F.R.D. 62, 65 (D. Me. 2005). Nor, as was the case in *Holbrook*, 130 F.R.D. at 519-20, does the plaintiff in this case seek dismissal days before a scheduled final pretrial conference in order to pursue a newly-commenced state-court action where it would sue defendants that it could no longer add to the federal action.

## II. Untimeliness

The defendant contends that the plaintiff's motion to dismiss is a dispositive motion and that the plaintiff may not file a motion to dismiss its own complaint after the deadline for filing dispositive motions set by the court's scheduling order has passed.[3] Opposition at 3. This view of the procedural order, if adopted, would potentially impede the settlement of any case after the dispositive motion deadline has passed, forcing a significant change in the practice of civil

---

[2] At oral argument, the plaintiff withdrew its motion for summary judgment as it pertains to its own claims, Docket No. 89. Accordingly, that portion of the motion is hereby terminated as moot.

[3] That deadline was April 26, 2010. Memorandum Decision on Defendant's Second Motion for Leave to Amend, Motion to Compel, and Motion to Amend Scheduling Order (Docket No. 78) at 13. The instant motion to dismiss was filed on August 3, 2010.

3

litigation in this court that does not appear to me to be justified in the service of a superficial consistency in the interpretation of the word "dispositive."

Neither of the cases cited by the defendant in support of this argument may reasonably be read to do so. One involved the defendant filing, two months after the deadline for filing dispositive motions, a motion to dismiss that would have been dispositive of the entire action, if granted. *Williamson v. Horizon Lines LLC*, No. CV-06-119-B-W, 2008 WL 2222052, at *1 (D. Me. Feb. 11, 2008). The other involved an appeal from a dismissal of a complaint for lack of prosecution "in totally disregarding motions to dismiss and/or [for] summary judgment" filed by defendants. *Martinez Class v. Caribe Hilton Hotel*, 784 F.2d 12, 12 (1st Cir. 1986). Not surprisingly, the First Circuit in *Martinez Class* described a motion to dismiss filed by the defendants before the deadline for filing of dispositive motions as a "dispositive" motion.

The plaintiff's motion to dismiss will not be denied on this basis.

### III. Critical Juncture

For his third argument, the defendant asserts that the plaintiff "has exhibited excessive delay and lack of diligence in prosecuting [this] action," and that this should foreclose it from dismissing its own complaint at this point in the proceedings, which is a "critical juncture" because summary judgment and "related" motions are pending. Opposition at 4-7. The defendant's grievances about the plaintiff's responses to his discovery requests have already been raised in this action, although the court has not yet ruled on the defendant's motion for sanctions, Docket No. 151, which is the appropriate means by which to seek redress for those perceived transgressions. I have not perceived any sense of urgency in resolving this action on the part of any of the participants over the past 19 months. The defendant has also resisted discovery on occasion. *See, e.g.,* Docket No. 57.

Any alleged delay by the plaintiff in offering the defendant a workout of the underlying mortgage, *id*. at 5-6, might be grounds for seeking further relief in this action, but it is a matter presently extraneous to this motion, and cannot serve as a reason to deny the motion to dismiss.

The defendant's final theory in support of this portion of his argument is that the plaintiff is only seeking dismissal because the defendant's request for entry of judgment in his favor, made only in his opposition to the plaintiff's now-withdrawn motion for summary judgment, is about to be granted. Opposition at 6. The assumption that this court will inevitably enter summary judgment in favor of the defendant on the basis of information now known to all parties and the court to be erroneous is itself unfounded. At most, even if the defendant's heated rhetoric on this point were accepted at face value, the plaintiff's motion for summary judgment would be denied. Nor would this court, knowing what it does about this case, allow the plaintiff to "start over with a 'clean slate' and try to make strategic decisions to hide the discrepancies and inconsistencies their conduct and Mr. James's vigilance have revealed." *Id*. This court is capable of exercising some vigilance itself.[4]

The motion to dismiss will not be denied on this ground.

### IV. Pretext and Sufficiency of Explanation

The defendant asserts that the plaintiff, by bringing the motion to dismiss, "seeks to extinguish all of Mr. James' defensive claims[.]" Opposition at 7. To the extent that he means to refer to defenses and not counterclaims, it will always be the result of a dismissal of a plaintiff's claims that the defendant "loses" such defenses. There is no harm in that, however,

---

[4] For similar reasons, the defendant's assumption that, because the plaintiff at some earlier point entered into a stipulation that "[a]ll the non-privileged documents . . . have been produced" and "no responsive documents other than those that have been made available to any party to this litigation . . . will [be] offer[ed] into evidence," Agreed Stipulations of Fact (Docket No. 123-22) ¶¶ 2-3, the defendant wins on all claims is wrong. Opposition at 6. The parties all know that some documents currently before the court are not the final loan documents but rather drafts. The assumption that the stipulation bars the submission of the correct documents whatever the circumstances is also incorrect. *See, e.g., American Honda Motor Co. v. Richard Lundgren, Inc.*, 314 F.3d 17, 21 (1st Cir. 2002).

because the defenses are valuable only against the plaintiff's claims, which are no longer being asserted.

The defendant characterizes the plaintiff's current offer of a workout of the underlying loan as a "spurious reason to dismiss the action." *Id*. But, he offers no suggestion of the advantage to the plaintiff in obtaining a dismissal of its foreclosure action, and none is apparent to the court. Even if the plaintiff were to bring such a claim again in the future, the defendant would have had the benefit of some period of time without the foreclosure action pending against him, and would presumably be able to use the information he has already obtained in this action in his defense against any such future action. Whether the plaintiff and the defendant are in the preliminary stages of a workout plan, whether the plan ever becomes permanent, and whether, if it does not, the defendant rejected the proffered plan or the plaintiff withdrew it, are all irrelevant to the determination of the plaintiff's motion to dismiss its claims at this time.

The defendant will not lose his counterclaims if this motion is granted. The plaintiff is not seeking dismissal of those claims. The only example of prejudice offered by the defendant in this regard is that he will no longer be able to raise the plaintiff's alleged failure to comply with the Maine Truth in Lending Act in order to obtain recoupment or set-off against any amount he might be found to owe the plaintiff. Opposition at 10-11. But, by the terms of the defendant's own presentation of this issue, another opportunity to recover these damages is available under this statute: he could have brought an action against the plaintiff within a year from the date of the alleged violation. *Id*. at 10. That he apparently did not do so is not a reason to force the plaintiff to continue with its foreclosure action. Nothing in the recommended decision in *Palmer v. Wells*, No. Civ. 04-12-P-H, 2004 WL 1790180 (D. Me. Aug. 11, 2004) (recommended decision mooted by *pro se* plaintiff's subsequent notice of dismissal, Docket Nos. 29 & 30), the

sole authority cited by the defendant in support of this argument, requires a different outcome here.

As for the defendant's speculation that the plaintiff will "capitalize[] the fees and costs of this current litigation into the unpaid principal balance of [his] loan," Opposition at 9, counsel for the plaintiff stated at oral argument that the plaintiff would not do this, and I will include in my order granting the dismissal the condition that the plaintiff not do so.

## V. Conclusion

For the foregoing reasons, the plaintiff's motion to dismiss its complaint in this action (Docket No. 163) is **GRANTED**, that portion of the motion for summary judgment filed by the plaintiff and GMAC (Docket No. 89) that addresses the claims asserted in the complaint is terminated as moot, and the plaintiff is hereby **ORDERED** not to include in any workout of, or any other agreement with the defendant concerning, the mortgage loan and note that gave rise to this action any recovery by the plaintiff of any amount representing capitalization or other form of recovery of the fees and costs that the plaintiff has incurred in connection with this action.

Dated this 22nd day of September, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge