UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GORDON T. JAMES, | ) |
|     *Counterclaimant and Third-Party Plaintiff* | ) |
| v. | ) No. 2:09-cv-84-JHR |
| U.S. BANK NATIONAL ASSOCIATION, as Trustee for BAFC2006-1, | ) |
|     *Counterclaim Defendant* | ) |
| and | ) |
| GMAC MORTGAGE LLC | ) |
|     *Third-Party Defendant* | ) |

### MEMORANDUM DECISION ON MOTION FOR RELIEF PURSUANT TO FED. R. CIV. P. 56(G)

In this action in which the original plaintiff's claims have been dismissed at its request, the original defendant, now counterclaimant and third-party plaintiff, Gordon T. James, seeks sanctions against U.S. Bank National Association ("USB") and GMAC Mortgage LLC ("GMAC") arising out of what he characterizes as "a fundamentally false summary judgment affidavit." Defendant and Third Party Plaintiff Gordon T. James' Memorandum in Support of Motion for Relief Pursuant to F[ed].R.Civ.P[.] 56(g) ("Motion") (Docket No. 152) at 1. I grant the motion in part.

The rule invoked by James provides:

> **(h) Affidavit or Declaration Submitted in Bad Faith**. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or

1

> solely for delay, the court – after notice and a reasonable time to response – may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

Fed. R. Civ. P. 56(h).[1]

James seeks a finding that the affidavit signed by Jeffrey Stephan and submitted by GMAC with its motion for summary judgment on April 26, 2010, GMAC Signing Officer Affidavit in Support of Plaintiff's Motion for Summary Judgment ("Stephan Aff.") (Docket No. 93) at [3], was submitted in bad faith; an award of his attorney fees and cost incurred "in responding to the motion for summary judgment and for all work thereafter through and including all proceedings on this motion"; a finding of contempt against both USB and GMAC; entry of judgment in his favor on "the motions for summary judgment," presumably those brought by USB, GMAC, Quicken, and James; permission to conduct discovery "into all of the facts and circumstances surrounding the creation of the false affidavit . . . and the false Stephan [e]ndorsement to the mortgage note attached to the Stephan affidavit"; a direct inquiry by the court into such matters "by compelling [USB] and GMAC to produce witnesses to appear before the Court to answer inquir[i]es from it"; and an inquiry by the court "as to whether counsel for U.S. Bank and GMAC were complicit in the bad faith presentation of the Stephen affidavit . . . and the Stephan [e]ndorsement of the note on behalf of GMAC Bank, such that an order should be entered holding said counsel to be in contempt and imposing sanctions therefor[]." Defendant and Third-Party Plaintiff[] Gordon T. James' Motion for Relief Pursuant to Fed.R.Civ.P[.] 56(g) (Docket No. 151) at 1-3.

---

[1] Before December 1, 2010, this subsection of Rule 56 was found at Rule 56(g), the citation used by the parties, and read as follows: "If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt."

James has established, Affidavit of Thomas A. Cox (Docket No. 153) ¶ 2-3 & Exh. A thereto, and USB and GMAC do not contest, that the attestation to the Stephan affidavit was not, in fact, true; that is, Stephan did not know personally that all of the facts stated in the affidavit were true. Stephan Aff. at 3. This fact does not necessarily mean, as James would have it, that the substance of the affidavit is "fundamentally false." Indeed, much, if not all, of the substance of the affidavit is demonstrably true, as shown by other sources in the extensive record of this case.

I have permitted USB and GMAC to withdraw their complaint and their motion for summary judgment on those claims was terminated as moot (Docket No. 189). I have ruled on the remaining motions for summary judgment without any reliance on the documents challenged by James in this motion. Docket No. 193. Accordingly, whether or not the affidavit was made in bad faith, James was not entitled to summary judgment in his favor, due to the submission of this affidavit, on any of the summary judgment motions. To the extent that he seeks summary judgment on the motion of Quicken Loans Inc. (Docket No. 95), which is no longer a party to this action, James also has not shown that Quicken had any knowledge of or participation in the submission of the Stephan affidavit.

Similarly, I now see no need for James to undertake any additional discovery concerning a document that has little or no relevance to the claims remaining at issue in this action.

That does not mean, however, that no sanctions are appropriate for the submission of an affidavit bearing a false attestation in support of a motion for summary judgment to which James was required to respond. The affidavit was very relevant to that motion. James cites only Fed. R. Civ. P. 56(h) as authority for his motion, and so I must first decide whether the submission of the Stephan affidavit was made in bad faith.

There is little case law on point. The First Circuit has observed that sanctions under former Rule 56(g) were imposed where the conduct in question "has been particularly egregious." *Fort Hill Builders, Inc. v. National Grange Mut. Ins. Co.*, 866 F.2d 11, 16 (1st Cir. 1989). It declined to affirm an award of attorney fees under Rule 56(g) when the position asserted "was not entirely unwarranted" and the objection at issue "was not frivolous." *Id.* In *Michael v. Liberty*, 566 F.Supp.2d 10 (D. Me. 2008), Judge Hornby of this court declined to find bad faith under the rule when errors were made on both sides and he could not conclude that the portion of the affidavit at issue "was intentionally false or in bad faith." *Id*. at 12.

In the case at hand, however, GMAC, the party that submitted the affidavit and the affiant's employer, was on notice that the conduct at issue here was unacceptable to the courts, which rely on sworn affidavits as admissible evidence in connection with motions for summary judgment. In 2006, an identical jurat signed under identical circumstances resulted in the imposition of sanctions against GMAC in Florida. Affidavit of Thomas A Cox (Docket No. 153) ¶ 4 & Exhs. B-D. GMAC's assertion that these sanctions applied only "within the State of Florida," Plaintiff and GMAC Mortgage LLC's Memorandum in Opposition to Defendant's Motion for Relief Pursuant to Fed. R. Civ. P. 56(g) (Docket No. 177) at 7, is specious. It would be clear to any lawyer representing GMAC in any court action, including those involved in the Florida action, that a jurat should not be signed under the circumstances involved in that case or here and that such a jurat will never be acceptable to any court. Stephan's actions in this case strike at the heart of any court's procedures, are egregious under the circumstances, and must be deemed worthy of sanctions.

The transgression in this case does not, however, rise to the level of contempt of court. I will not pursue that avenue despite James' arguments, nor will I investigate GMAC's prior

4

counsel based on the direction of one of those attorneys to Stephan not to answer certain questions at his deposition. Those directions do not "leave[] a question of whether counsel for GMAC/US Bank engage[d] in [the same] misconduct." Motion at 8. James offers nothing but speculation on this point, and that simply is insufficient to suggest complicity on the part of those lawyers in the unacceptable actions of one of their clients.

The appropriate sanction is an award of attorney fees incurred by James in responding to the motion for summary judgment and in bringing this motion for sanctions. Clearly, that sanction should be imposed against GMAC. The question of whether the sanction should also be imposed against USB is much less clear.

James argues that USB "should be also held responsible for GMAC, its chosen agent's misconduct . . . in servicing the James loan." *Id*. at 9. GMAC, however, was not engaged in "servicing the James loan" when Stephan executed his affidavit. James cites only *Dupuis v. Federal Home Mortgage Corp.*, 879 F. Supp. 139 (D. Me. 1995), in support of his position. But, in that case, the issue was the liability of an undisclosed principal for the actions of its general agent on contract claims, "if usual or necessary in such transactions." *Id*. at 142. Here, USB was not an "undisclosed" principal, and Stephan's actions cannot reasonably be characterized as usual or necessary in a foreclosure action. While GMAC and USB do not address this argument in their response, I conclude, nevertheless, that James has not established that USB should be liable under the circumstances of this case for the actions of a GMAC employee, and an apparent GMAC policy, that resulted in the submission to the court of an affidavit with a false jurat.

GMAC is hereby ordered to reimburse James for the attorney fees and costs reasonably incurred in bringing this motion for sanctions and in responding to its motion for summary judgment (Docket No. 89), but *not* for attorney fees incurred in seeking summary judgment in

his favor on his defenses and/or third-party claims. James shall provide GMAC with an itemized statement of those costs and fees no later than 14 days from the date of this order.

SO ORDERED.

Dated this 31st day of January, 2011.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge