UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GORDON T. JAMES,                              )<br>                                                              )<br>         Third-Party Plaintiff           )<br>                                                              )<br>v.                                                       )<br>                                                              )<br>GMAC MORTGAGE LLC,                  )<br>                                                              )<br>         Third-Party Defendant       )<br>                                                              )<br>_____     )<br>                                                              )<br>GORDON T. JAMES,                              )<br>                                                              )<br>         Counterclaimant                    )<br>                                                              )<br>v.                                                       )<br>                                                              )<br>U.S. BANK NATIONAL ASSOCIATION )<br>as Trustee for BAFC 2006-1,             )<br>                                                              )<br>         Counterclaim Defendant      )  | No. 2:09-cv-84-JHR |

*MEMORANDUM DECISION ON JAMES'S MOTION FOR RECONSIDERATION*

The former defendant, now third-party plaintiff and counterclaimant, Gordon T. James, moves for reconsideration of portions of my decision on the motions for summary judgment of the former and existing third-party defendants and the counterclaim defendant. Docket No. 193. I deny the motion.

A court has "substantial discretion and broad authority to grant or deny" a motion for reconsideration. *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 81 (1st Cir. 2008). It may grant a motion for reconsideration "where the movant shows a manifest error of law or newly

1

discovered evidence." *Id*. at 81-82.  A motion for reconsideration should also be granted if the court has "patently misunderstood" a party, or if the court made an error "not of reasoning but of apprehension." *Id*. at 82.

> A motion for reconsideration should not give the losing party the opportunity to simply reargue its losing points and authorities. Moreover, revisiting the issues already addressed is not the purpose of a motion to reconsider, and advancing new arguments or supporting facts which were otherwise available when the original summary judgment motion was briefed is likewise inappropriate.

*Coffin v. Bowater Inc.*, No. Civ. 03-227-B-C, 2005 WL 3021979, at *1 (D. Me. Nov. 10, 2005) (citations and internal quotation marks omitted).

### 1. Rule 56(f).

James begins[1] with the assertion that "the Court must rule on his pending requests for Rule 56(f) relief and Rule 37[2] sanctions[,]" Defendant's Motion to Reconsider Decision on US Bank and GMAC's Motion for Summary Judgment ("Motion") (Docket No. 195) at 1.  The Rule 56(f) issue was raised in James's Opposition to the motions for summary judgment.  Docket Nos. 113, 123.  The motion for sanctions, Docket No. 151, which involved only Rule 56(g) and not Rule 37, was decided subsequent to the motions for summary judgment, Docket No. 196, and

---

[1] James does not seek reconsideration of that portion of my ruling on the motions for summary judgment that granted the motion of third-party defendant Quicken Loans Inc., which accordingly is no longer a party to this action.

[2] So far as I am able to determine, the only references to Rule 37 in the Defendant's Memorandum in Opposition to Motion for Summary Judgment of Plaintiff and Third Party Defendant GMAC Mortgage, LLC Including 1. Request for Relief under Rule 56(f); and 2. Request for *Sua Sponte* Order of Summary Judgment Against Plaintiff (("James's Opposition") Docket No. 123) appear on page 21 of that document, where James asks the court to allow discovery "to be undertaken in accordance with F.R.Civ.P. 56(f)(2) and 37(c)(1)" and asks that "pursuant to F.R.Civ.P. 26 and 37(c)(1)(a) Plaintiff and US Bank be order to pay Defendant's counsel fees" and other costs.  This is an apparent reference to the affidavit of Scott Lathrop submitted by GMAC. I rejected James's challenges to that affidavit in my ruling on the motions for summary judgment.  Memorandum Decision on Motions for Leave to Amend, to Stay, and for Summary Judgment ("Summary Judgment Decision") (Docket No. 193) at 11-13.  To the extent that the request for sanctions under Rule 37 may be construed to have been properly raised by the fleeting references to that rule in James's Opposition, I rejected the contention that any violation of the rule occurred in this respect, and James offers no new reason why I should reconsider that conclusion.

one week after James filed the instant motion for reconsideration.[3] James contends "that the Court committed a manifest error of law by failing to rule on the requests for relief first before determining the merits of [US Bank and GMAC's (abbreviated as "U/G's" by James)] motion for summary judgment." Defendant's Reply to Opposition to Motion to Reconsider Decision on US Bank and GMAC's Motion for Summary Judgment ("Reply") (Docket No. 198) at 2. "[B]*efore* this Court considered the merits of U/G's MSJ, it was bound to rule on James' requests for: (1) Rule 56(f) relief to conduct discovery and/or to limit the evidence or deem certain facts admitted; (2) Rule 37 sanctions to exclude; and (3) enforcement of the contractual stipulation to exclude." Motion at 5 (emphasis in original).

James contends that he was prejudiced "by U/G's unlawful submissions and the Court's inappropriate reliance on this evidence." *Id*. As my ruling on James's Motion for Relief Pursuant to Fed.R.Civ.P. 56(g) makes clear, however, in ruling on the motions for summary judgment, I did not rely on any of the documents challenged by James in that motion. Memorandum Decision on Motion for Relief Pursuant to Fed. R. Civ. P. 56(g) (Docket No. 196) at 3. To the extent that I relied on any documents the submission of which James contends was "unlawful," I rejected that position in my ruling on the motion for relief. James has demonstrated no manifest error in the conclusions I reached in that ruling.

In addition, any claim that James was "entitled" to a ruling on his requests for Rule 56(f) relief and for sanctions before I ruled on the motions for summary judgment was waived by James in his opposition to the motions for summary judgment. Specifically, he said, "[i]f [my] motions to strike U/GSMF ¶¶ 3,4, 7 & 8 are granted, then [I] waive[ my] argument under Rule 56(f) as to issues relating to the endorsement of the note and Plaintiff's claimed possession of it."

---

[3] My ruling on the motion for Rule 56(g) sanctions thus preceded James's reply memorandum on the instant motion by almost a month.

James's Opposition at 2.  To the extent that any such issues remained in the case after my granting on September 22, 2010, of U.S. Bank's motion to dismiss its complaint that set this proceeding in motion, Docket No. 189, my decision on the motions for summary judgment did not rely on any of the four paragraphs of U.S. Bank's statement of material facts identified in James's statement quoted above.  Thus, while I did not "strike" the paragraphs, the fact that I did not rely on them in any way renders moot the motion to strike and can only mean that James has waived any argument based on this issue.

Similarly, later in his opposition, James stated that "[f]or the reasons outline[d] below, Plaintiff's and GMAC's Motion for Summary Judgment on Count I of Defendant's counterclaim/third party complaint should be denied *or, in th[e] alternative, further discovery should be allowed regarding evidence newly disclosed by the Plaintiff and GMAC on this count.*"  James's Opposition at 17 (emphasis added).  I denied the motions for summary judgment on this count.  Summary Judgment Decision at 8-17.  By his own statement, therefore, James waived the claim for further discovery that he now seeks to resurrect.

## 2.  Corporate Testimony.

James next repeats his argument alleging a "conflict in the testimony of witnesses offered by the corporation" that requires the court, apparently as a matter of law, to consider only the testimony given earlier.  Motion at 7-9.  I rejected this argument in ruling on the motions for summary judgment, Summary Judgment Decision at 9-13, and James offers no reason for me to conclude that my rejection was a "manifest error of law," or meets any of the other limited criteria for granting a motion to reconsider.

### 3. Business Records Exception.

James's next argument is that the business records exception to the hearsay rule may never be applied at the summary judgment stage of proceedings, but may only be applied at trial or through deposition, so that the opposing party may "test" its applicability. Motion at 9-11. This is another challenge to the affidavit of Jeffrey Lathrop. *Id*. The case James cites as support for his argument, *Bennett v. Saint-Gobain Corp.*, 507 F.3d 23, 29 (1st Cir. 2007), does not in fact support it, dealing as it does with hearsay evidence, not an exception to the hearsay rule. Even more important is the fact that James did not make this argument in his opposition to the motions for summary judgment, James's Opposition, *passim*, although he clearly could have done so, as the Lathrop affidavit was submitted on April 26, 2010, in support of GMAC's motion for summary judgment (Docket No. 92). For this reason as well, this new argument does not entitle him to a reversal of my earlier ruling.

### 4. Other Errors of Law.

#### a. RESPA.

Finally, James lists, in summary fashion, three other "manifest errors of law" in the opinion that granted GMAC's motion for summary judgment in part. First is the assertion that I "erred in finding that USB was dismissed and is no longer a party to James' RESPA claims . . . because James was granted leave to amend the complaint . . ., and the amended complaint cured any pleading deficiencies regarding USB." Motion at 11. James cites no authority for this view of the precepts of federal civil procedure. In addition, none of the arguments offered by James with respect to these three issues is sufficiently developed to entitle James to their consideration.

*Elmet Techs., Inc. v. Advanced Techs. Sys., Inc.*, No. 05-200 PS, 2007 WL 30276, at *5 n.3 (D. Me. Jan. 3, 2007), and cases cited therein.

If the merits of the argument with respect to the first issue were nonetheless considered, on August 9, 2009, I recommended that US Bank's motion to dismiss the counterclaim asserted against it by James under the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.*, ("RESPA") be granted. Memorandum Decision on Motion to Strike and Recommended Decision on Motion to Dismiss Counterclaims (Docket No. 27) at 18. The recommended decision was adopted by the court without objection by James on August 26, 2009 (Docket No. 29). On November 11, 2009, James filed a motion to amend his answer, third-party complaint, and counterclaims. Docket No. 38. I granted the motion on January 26, 2010. Docket No. 64. Nothing in that order may be construed as a ruling allowing the dismissed RESPA claim to be reinstated. Furthermore, mere amendment of a pleading cannot *sub silentio* reinstate claims that have been dismissed by a court. *See., e.g., Smith v. Los Angeles County,* No. CV 07-7028-VAP (MAN), 2010 WL 2572570, at *1 (C.D. Cal. June 19, 2010). A party seeking to reinstate dismissed claims must move specifically for leave to do so; no such request was made by James when he sought to amend his pleadings. *See Bradley v. Maryland Cas. Co.*, 382 F.2d 415, 421 (8th Cir. 1967).

### b. GMAC Failure to Cure.

James next finds error in granting summary judgment to GMAC on his claim that it failed to cure errors in the escrow account for his mortgage loan because he "was not required to present evidence to establish a factual dispute" with respect to this claim. Motion at 11. This is so, he asserts, because "U/G present[ed] no material facts to show they corrected the errors in the escrow account, nor [did] they demonstrate an absence of evidence to support James's claim."

*Id*. To the contrary, I specifically found an absence of evidence to support James's claim. Summary Judgment Decision at 20 n.9. The burden on the moving party to demonstrate an absence of evidence to support a particular claim can only arise after the party asserting the claim describes it in sufficient detail to allow such a showing to be made. In this case, as noted in the summary judgment decision, James's statement of this issue was not supported by the only authority cited in its support. *Id*. Accordingly, the third-party defendants never acquired the burden to prove an absence of evidence on this claim.

### c.  Maine UTPA

Finally, James contends that the Maine Unfair Trade Practices Act "does not exclude assignee liability" as I concluded in the summary judgment decision; this issue should not have been considered by the court because the third-party defendants did not raise it; and he did, in fact, "allege[] USB's direct liability for some UTPA claims[.]" Motion at 11. Again, no authority is cited for the first two assertions. And, as I noted in the summary judgment decision, James "identifie[d] no instance of a violation of the Maine UTPA" directly by US Bank. Summary Judgment Decision at 20. It is too late for him to do so now for the first time.

### Conclusion

For the foregoing reasons, the third-party plaintiff's motion for reconsideration is **DENIED**.

Dated this 24th day of March, 2011.

/s/ John H. Rich III  
John H. Rich III  
United States Magistrate Judge

7